**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**GARLAND E. WILLIAMS**                                                                              **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:15CV-111-GNS**

**UNITED STATES DEPARTMENT OF JUSTICE** *et al.*                       **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Garland E. Williams, a citizen of the State of Louisiana, filed a *pro se*, *in forma pauperis* complaint (DN 6)[1] alleging violations of various sections of the U.S. Constitution and asserting claims of perjury, forgery, fraud, theft, extortion, and negligence. As Defendants, Plaintiff names 1) the United States Department of Justice; 2) Eric Holder, former Attorney General; 3) Helen G. Berrigan, Judge for the United States District Court for the Eastern District of Louisiana; 4) Michael B. North, Judge for the Eastern District of Louisiana; 5) William W. Blevins, Clerk of Court for the Eastern District of Louisiana; 6) Jacob Lew, Secretary of the "United States Department of Treasury/Internal Revenue Sector"; 7) Carolyn S. Ostby, Magistrate Judge for the United States District Court for the District of Montana; 8) Susan P. Watters, District Judge for the District of Montana; 9) Don Johnson, former Secretary of the Kansas Department of Social Rehabilitation Services; 10) Lawton Nuss, Chief Magistrate Judge of the State of Kansas Judicial Supreme Court; 11) Lori L. Yockers, Hearing Officer for the State of Kansas, Shawnee County 3rd Judicial District Courthouse; 12) Bernette J. Johnson, Chief

---

[1] Plaintiff initiated this action by filing a document titled "Petition of Civil Litigation" (DN 1). Because the Petition was a photocopy of a typewritten pleading previously filed in the United States District Court for the Eastern District of Louisiana, No. 2:14-cv-01663-HGB-MBN, the Court ordered Plaintiff to file a new complaint. The Court is reviewing the new complaint (DN 6).

Justice of the Louisiana Supreme Court; and 13) Rebecca S. Kennedy, Hearing Officer for the State of Louisiana.

Plaintiff's complaint is difficult to follow with its content consisting more of repeated recitation of constitutional provisions and conclusory claims than of facts. In reading the complaint liberally, as this Court must, Plaintiff appears to be seeking relief from state-court child support orders and challenging various judges' prior decisions in the state actions and in other federal actions. As relief, Plaintiff seeks $2 Trillion in damages; an "Executed Stay of inferior district court orders pending promulgation disposition weight on [] pending proceedings"; "for appropriate settle Judicial decree arbitrational tribunal request of Findings and Conclusion disposition . . . for rectifiable interlocutory relief closure of such so ordered fraudulent support orders"; and "enforcement pursuant State of Kansas Department of Social and Rehabilitation Service bipartite to Shawnee County 3rd District Court Child Support Enforcement . . . adhered to State of Louisiana Department Office of Children and Family Services bipartite State of Louisiana 22nd Judicial District Court Child Support Enforcement . . . as so said ordered on September 6th of year 2000."

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, none of the Defendants reside in Kentucky, and none of the events giving rise to Plaintiff's claims occurred in Kentucky. There is simply no reason for Plaintiff to have filed this case in Kentucky.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought." For the reasons that follow, the Court finds that a transfer would not be in the interest of justice.

First, Plaintiff previously filed a federal civil action in the Eastern District of Louisiana (2:14CV-1663-HGB-MBN) regarding his Kansas and Louisiana child support matters, and that action was dismissed by Judgment entered March 24, 2015. Second, the District of Montana dismissed an action (1:15CV-94-SPW) against Defendants U.S. Department of Justice, Yockers, U.S. Treasury Department, Berrigan, North, Blevins, Holder, Lew, Nuss, and Don Johnson for improper venue (finding no interest of justice in transferring given Plaintiff's litigation history) and against Defendant Ostby on the basis of judicial immunity. Plaintiff now seeks to add Judge Watters, the presiding judge who dismissed the District of Montana action, to his list of Defendants. Any *Bivens*[2] claim against Judge Watters is barred by judicial immunity. *See Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) ("Absolute immunity in *Bivens* actions against federal judges has also been extended to requests for injunctive relief."); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (finding federal judge immune from damages and equitable relief

---

[2] In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "[A] *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991).

in *Bivens* suit). Finally, Plaintiff filed a virtually identical complaint[3] in the Eastern District of Louisiana (2:16CV-38-NJB), which was dismissed following initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable claim in federal court and on the grounds of absolute immunity, sovereign immunity, and the Eleventh Amendment.

For these reasons, the Court concludes that a transfer would not be in the interest of justice. A separate Order dismissing the action will be entered.

Date: April 14, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.005

---

[3] The only significant difference between the two complaints is that the complaint filed in the Eastern District of Louisiana named the undersigned as a Defendant in addition to the Defendants named in the instant action.

4